UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    vs.<br><br>JAMES RICHARDS,<br><br>     Defendant. | Case No:  CR 08-0194 SBA<br><br>**ORDER**<br><br>Docket 34, 36 |

On March 26, 2008, James Richards ("Defendant") was charged in a three-count Indictment with: (1) possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); and (3) using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Indictment, Dkt. 1.  On December 16, 2008, the Defendant entered a guilty plea to counts one and three of the Indictment pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Dkt. 25.  At the time of sentencing, the total Offense Level was 17 and Defendant was in Criminal History Category V, yielding a guidelines range of 46 to 57 months for count one.  Additionally, Defendant was subject to a mandatory minimum of 60 months on count three under 18 U.S.C. 924(c)(1)(A), resulting in a guidelines range of 106-117 months.  On December 16, 2008, the Court sentenced Defendant to 106 months (46 months on count one and 60

months on count three to run consecutive), five years of supervised release, and ordered Defendant to pay a mandatory special assessment of $200.  See Dkt. 24, 28.

The parties are presently before the Court on Defendant's motion under 18 U.S.C. § 3582(c)(2) for a 16-month reduction in his sentence from 106 months to 90 months based upon amendments to the United States Sentencing Guidelines ("Guidelines") which retroactively modified guideline ranges for crack cocaine offenses.  Dkt. 34.  Alternatively, the Defendant requests the Court reduce his sentence by 16 months "on its own motion" under § 3582(c)(2).  Dkt. 36.  The United States of America ("government") opposes a sentence reduction on two grounds: (1) the Defendant waived his right to file a § 3582 motion in his plea agreement; and (2) the interests of justice do not support a reduction in Defendant's sentence.  Dkt. 38.  The probation officer has submitted a report stating that the guidelines range that would have been applicable if the amendments had been in effect at the time Defendant was sentenced is 30 to 37 months for count one based on an adjusted total Offense Level of 13 and a Criminal History Category of V.  The report states that the consecutive mandatory minimum of 60 months for count three under § 924(c)(1)(A) results in an adjusted guidelines range of 90-97 months.  While the probation officer concludes that Defendant is eligible for a sentence reduction, she recommends that the Court deny Defendant's request for a sentence reduction based on his post-sentencing conduct and public safety concerns.[1]  Having read and considered the papers submitted in connection with this matter as well as other relevant materials in the record, the Court hereby DENIES Defendant's request for a sentence reduction, for the reasons stated below.

I.      **DISCUSSION**

The Fair Sentencing Act of 2010 ("FSA") modified, among other things, the penalties for crack cocaine offenses by reducing sentencing disparities between crack and powder cocaine offenses.  United States v. Pleasant, --- F.3d ----, 2013 WL 11892, at *1

---

[1] Specifically, the probation officer recommends that Defendant's motion be denied because "he appears to present a continued risk to the community and resistance to rehabilitation" based on his lengthy disciplinary record while in custody.

(9th Cir. 2013).  On November 1, 2010, the U.S. Sentencing Commission exercised its authority under the FSA by issuing Amendment 748, which revised penalties for crack cocaine offenses under the § 2D1.1(c) drug quantity table.  Id.  The Commission then issued Amendment 750, which made the Amendment 748 changes permanent.  Id.  Finally, the Commission issued Amendment 759, which: (1) made the Amendment 750 changes retroactive; and (2) modified § 1B1.10, which governs when a sentence may be reduced by reason of a retroactive guideline amendment.  Id.

In light of these amendments, the Defendant now moves for a reduction of his sentence under § 3582(c)(2).  Dkt. 34, 36.  Specifically, the Defendant requests the Court reduce the sentence for his crack cocaine offense by 16 months from 46 months to 30 months.  See Dkt. 36 at 4, 7.  In doing so, the Defendant requests the Court sentence him to the low-end of the guidelines range that would have been applicable with regard to his crack cocaine offense if the amendments had been in effect at the time he was sentenced.  Id. at 4.  Thus, the Defendant requests the Court resentence him to 30 months on count one and 60 months on count two to run consecutive, for a total sentence of 90 months.  Id. at 7.

Generally, federal courts lack jurisdiction to modify a sentence once it has been imposed.  See 18 U.S.C. § 3582(c).  Section 3582(c)(2), however, provides a narrow exception.  It states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by Sentencing Commission pursuant to 27 U.S.C. § 994(o), upon motion of the defendant . . . or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines."  United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996).  "[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."  Id. at 512.

In response to Defendant's motion, the government argues that Defendant waived his right to file a § 3582 motion in his plea agreement.  Dkt. 38 at 3-5.  Under the terms of the plea agreement, the Defendant expressly waived "any right [he] may have to file any collateral attack on [his] conviction or sentence, including a . . . motion under 18 U.S.C. § 3582. . . ."  Plea Agreement ¶ 5.  While Defendant concedes that he waived his right to file a motion pursuant to § 3582(c), he argues that § 3582(c) authorizes the Court "on its own motion" to reduce his sentence.[2]  See United States v. Malone, 2012 WL 6760000, at *1 (9th Cir. 2012) (Unpub. Disp.) (concluding that a similar waiver provision was enforceable and reversing district court's order reducing defendant's sentence based on a § 3582 motion; noting that although § 3582(2)(c) authorizes a court to reduce a defendant's sentence "on its own motion," that power was not exercised in this case).

The government does not contend that the Court lacks the authority to reduce Defendant's sentence "on its own motion" under § 3582(c)(2).  Nor does the government challenge the probation officer's conclusion that Defendant is eligible for a sentence reduction under the amendments to the Guidelines, or her determination that the guidelines range that would have been applicable if the amendments had been in effect at the time Defendant was sentenced is 30 to 37 months for count one, i.e., the crack cocaine offense.  Instead, the government argues that the interests of justice do not support a sentencing reduction.  Dkt. 38 at 5-6.  Specifically, the government contends that a sentence reduction is not warranted based on Defendant's prior criminal conduct and his misconduct while incarcerated.  See id.  According to the government, "[i]t is quite clear - both from defendant's prior criminal conduct and his conduct while incarcerated - that defendant's violent and uncontrolled behavior will continue upon his release" from imprisonment.  Id. at 6.

Given that the parties and the probation officer agree that Defendant is eligible for a sentence reduction, the next question is whether a reduction is warranted considering the

---

[2] See Dkt. 37 at n. 2.

factors set forth in § 3553(a).  Among the factors to be considered are: the "nature and circumstances of the offense and the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a).  In addition to the § 3553(a) factors, the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and may consider the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment."  See U.S.S.G. § 1B1.10, Application Notes (B)(ii), (iii); United States v. Lightfoot, 626 F.3d 1092, 1096 (9th Cir. 2010).

Here, the Defendant, to his credit, has completed a drug treatment program, applied to participate in the Non-Residential Drug Abuse Treatment Program, and completed a commercial driver's license course during his incarceration.  However, the Court agrees with the probation officer's assessment that Defendant's "post-sentencing conduct shows little effort at rehabilitation."  Indeed, the information submitted by the probations officer shows that Defendant has repeatedly engaged in misconduct from November 2009 to December 31, 2012, including, but not limited to, threatening bodily harm, engaging in sexual acts, interfering with security devices, possessing intoxicants, indecent exposure, stalking female staff members, being insolent to staff members, refusing to obey orders, and assaulting others without serious injury.  The most recent inmate progress report provided by the probation officer indicates that, as of January 23, 2013, there are currently 51 incident reports pending relating to Defendant's misconduct.  The Defendant, for his part, does not deny that he engaged in the conduct set forth in the probation officer's report or the conduct described in the January 23, 2013 inmate progress report.

In addition to his misconduct while incarcerated, the Defendant's criminal history is extensive. The pre-plea presentence report ("PSR") prepared by the probation officer states that the Defendant has juvenile arrests for possession of marijuana for sale, vandalism and obstruct/resist public officer. PSR ¶¶ 32-33. His adult convictions include receipt of known stolen property, possession/purchase of cocaine base for sale, providing a false report, DUI: alcohol/drugs, damaging a jail facility,[3] possession with intent to distribute cocaine base, and using, carrying, and possessing a firearm during, in relation to, and in furtherance of a drug-trafficking crime. Id. ¶¶ 34-38; Dkt. 28. The Defendant was also arrested 15 times from March 13, 2003 to January 7, 2007, including arrests for possession of marijuana, contempt: disobey court order, possession/purchase cocaine base for sale, felon/addict in possession of a firearm, and first degree robbery.[4] PSR ¶¶ 45-59.

Although it is undisputed that the Defendant is eligible for a reduction in his sentence, the Court finds that a sentence reduction is not warranted under the circumstances. The Defendant has a persistent, lengthy and serious criminal history, including the underlying offense which involved the selling of crack cocaine while carrying a Tec-9 semiautomatic pistol loaded with 27 rounds of ammunition. According to the PSR, the Defendant fled when approached by a police officer in a high drug trafficking area, ignored the officer's command to stop and get on the ground, attempted to strike the officer in the face with his elbow while climbing a fence in an effort to escape, refused to surrender at gunpoint and after being sprayed with "OC" spray, and attempted to point his firearm at officers after being struck multiple times and taken to the ground. PSR ¶ 6. Following his arrest, the Defendant also threatened to harm the officers after his release from custody. Id. ¶ 8. In his plea agreement, the Defendant admitted the following: on November 8, 2007,

---

[3] Following his conviction for damaging a jail facility, the Defendant was arrested for driving without a license and attempting to flee from officers in a negligent manner with disregard for public safety. PSR ¶ 38. As a result of this conduct, the Defendant's term of probation was revoked. Id.

[4] Although no formal charges were filed, the Defendant was cited for possession of narcotic/controlled substance on June 25, 2003, and for loitering and engaging in illegal drug activity on December 7, 2003. PSR ¶¶ 42, 44.

he possessed 2.43 grams of crack cocaine with the intent to distribute it to another person;
he possessed a Tec-9 semiautomatic pistol loaded with 27 rounds of ammunition; when
approached by police officers, he ran away with the intent to escape; he attempted to elbow
a police officer in the head after he was caught in an effort to break free; and he continued
to fight with the officer that caught him and other officers in an effort to escape until he was
finally arrested.  Plea Agreement ¶ 2.

Having considered the factors set forth in § 3553(a), the Court exercises its
discretion and declines to reduce Defendant's sentence.  The Defendant's extensive criminal
history, the serious and violent nature of the underlying offense, and Defendant's numerous
incidents of misconduct while incarcerated demonstrate that a sentence reduction is not
appropriate.  See Lightfoot, 626 F.3d at 1096 (holding that district court did not abuse its
discretion in refusing to reduce defendant's sentence where his post-sentencing conduct had
done nothing to alleviate the court's concern that he is a danger to the community;
defendant's record included insolence to custodial staff, fighting, threatening a staff
member, threatening bodily harm, and refusing to work).  The Court finds that the safety of
the community is best protected by the Defendant serving the entirety of his original
sentence.  The Defendant's criminal conduct and his behavior while incarcerated shows that
he poses a serious danger to the community.  The Court also finds that the original sentence
is appropriate in order to afford adequate deterrence, to reflect the serious nature of the
offense, promote respect for the law, and to provide just punishment.  Accordingly, the
Defendant's request for the Court to reduce his sentence on "its own motion" under §
3582(c) is DENIED.

## II.   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     The Defendant's motion for a sentence reduction under § 3582(c) is DENIED.
The Defendant's alternative request for the Court to reduce his sentence "on its own
motion" under § 3582(c) is DENIED.

2.     This Order terminates Docket 36.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          IT IS SO ORDERED.

Dated:  2/22/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge